(81 Misc. Rep. 148.)

SULLIVAN v. KNAUTH et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

BANKS AND BANKING (§ 189*)—TRAVELERS' CHECKS—LIABILITY OF BANKER—
LOST CHECKS.

> Where travelers' checks issued by a banker provided that the banker would refund the amount of lost checks against a suitable bond of indemnity, but that particulars of such checks should be promptly reported, the purchaser could not recover for lost checks; he not having reported the loss until after the banker had paid them.

> [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 729–732, 736; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by James Sullivan against Wilhelm Knauth and others. Judgment for plaintiff, and defendants appeal. Reversed and dismissed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Briesen & Knauth, of New York City (George T. Hogg, of New York City, of counsel), for appellants.

Harold G. Aron, of New York City (Stephen L. Vandeveer, of counsel), for respondent.

LEHMAN, J. The plaintiff, through a bank at Yerington, Nev., purchased certain travelers' checks issued by the defendants. These checks contain a blank for the holder's signature, and in the body contain the words:

"Good within *one year* from date, when countersigned below with the opposite signature.

"Knauth, Nachod & Kuhne, New York, through their correspondents, will pay against this check out of their balance to the order of ......, fifty dollars or equivalent as follows:

　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　,　＊

"Countersign here: ....................
"This signature must correspond with above.
　　"[Signed]　　　　　　　　　　　　Knauth, Nachod & Kuhne."

The plaintiff, immediately upon the receipt of these checks, signed them in the proper place. Subsequently, while the plaintiff was on his way to Panama, some of the checks were stolen or lost. The thief or finder apparently filled in the blanks, including the countersignature, and cashed the checks. The checks, when bought by the plaintiff, were inclosed in a folder, and the folder contained a statement that:

"We refund the amount of lost checks against a suitable bond of indemnity. Particulars of such checks should, however, be promptly reported."

The defendants failed to receive any notice that the checks were lost until a month after they were cashed. The plaintiff explains that he did not telegraph that the checks were lost, because he lost the num-

bers of the checks and the defendants' telegraph address. He claims, however, that he did give notice of the loss to each of the banks at Panama, and to a man at Panama who claimed to be the defendants' agent, who said he would stop payment. Upon these facts the plaintiff has recovered the amount of the lost or stolen checks, on the ground that the bankers had no authority to pay these checks, unless actually countersigned by the plaintiff.

Apparently the relation of a bank issuing travelers' checks to the party purchasing these checks has received little discussion, either in the courts or by text-book writers. They are a comparatively modern device, and the obligation of the parties must be measured by the express contract under which they are issued. It seems to me that, when the bankers issued these checks to the plaintiff, they agreed to pay their face value to the plaintiff or to his order only when countersigned by him, just as a bank ordinarily agrees with a depositor to pay out the moneys on deposit upon his check. Nevertheless the relations between the bankers and the purchaser of these checks is not exactly the same as between banker and depositor. In the latter case the relation is simply that of debtor and creditor, with the added element that the debtor agrees to accept a partial assignment of the claim and to honor the checks or orders drawn against the amount of the debt; while in this case the bankers obligate themselves to pay a certain amount of money, not to the purchaser when demanded, but only when the demand is made in a certain way, viz., upon presentation of the checks by any holder thereof. If, without presentation of the checks, they refund to the purchaser the value of the checks purchased, they would be forced to pay the amount a second time to any holder of a properly countersigned check.

In the contract between themselves and the purchaser they have a right to include any terms which they see fit, limiting any right of the purchaser to demand repayment of the amount of the purchase price without the presentation of the checks. In this case they have agreed to refund the amount of lost checks only against indemnity and prompt report of the particulars of the lost checks. The provision for indemnity might be construed as an indemnity against the checks thereafter being presented by some bona fide holder, and, if given such construction, would be inoperative in this case; but the provision for prompt notice is, in my opinion, evidently inserted for the protection of the bankers against wrongful claims, and, if not complied with, to the injury of the bankers, bars any right to recover the value of the lost checks.

In this case, the notice to the banks in Panama was certainly no notice to the defendants, and the notice to the man claiming to be the defendants' agent cannot be construed as notice, unless actual proof of agency is given, aside from the admission of the alleged agent. The fact that the plaintiff lost the defendants' address cannot relieve him from a necessity of giving notice, if the defendants' liability was founded upon the plaintiff's compliance with the terms of the contract. Moreover, it would appear that notice telegraphed to the bank at Yer-

ington could have been forwarded to the defendants before the checks were presented to them.

Judgment should therefore be reversed, with costs, and the complaint dismissed, with costs.

BIJUR and WHITAKER, JJ., concur in result.